IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICENTE MIRANDA OCADIO,

      Petitioner,                    No. CIV S-08-2331 WBS EFB P

   vs.

RICHARD B. IVES,

      Respondent.                  <u>FINDINGS AND RECOMMENDATIONS</u>

                                /

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He is confined at the Federal Correctional Institution Herlong, pursuant to a sentence imposed by this court on June 20, 2006. Am. Pet. ("Pet.") at 2; *see also United States of America v. Ocadio*, No. CR 04-0389 MCE KJM P, Docket No. 189.[2]

      On March 24, 2008, petitioner challenged that conviction with a motion pursuant to 28 U.S.C. § 2255. *See id.* at Docket No. 325. On August 20, 2008, the court denied petitioner's motion on the merits. *See id.* at Docket No. 338. He claims in the instant petition that he is being illegally detained because he never "consented to be transferred to or from the United

---

    [1] Petitioner paid the filing fee and is not seeking leave to proceed *in forma pauperis*.

    [2] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1

States from the California Republic." Pet. at 6, 8. He also claims that respondents are "in breach of their fiduciary and legal obligations," and states that "the case number 2:04-cr-00389-MCE-3 is currently being traded on the market under CUSIP NO. 316345107." *Id.* at 4, 7. Petitioner requests that he be transferred from respondent's custody to an address located in Yuba City, California, "devoid of any restraint." *Id.* at 1.

While the alleged basis for petitioner's claims are nonsensical, he appears to be challenging the sentence imposed upon him by this court in the action designated as case number CR 04-0389 MCE KJM P. A federal prisoner challenging the legality of a sentence must generally do so by a motion pursuant to 28 U.S.C. § 2255. However, when a motion under § 2255 is "inadequate or ineffective to test the legality" of a prisoner's detention, a prisoner may bring a habeas petition under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255(e).

As noted above, petitioner previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. There is no indication that the remedy afforded by § 2255 was "inadequate or ineffective" to allow petitioner to challenge his sentence. *See id*; *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The court therefore construes the instant petition as a second or successive § 2255 motion, *see Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001), and it must be dismissed for lack of jurisdiction. *See Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). Before petitioner can proceed with the instant application he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

Accordingly, it is hereby RECOMMENDED that this action be dismissed without prejudice on the ground that the petition is second or successive and petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3